**Michael MICHALCZYK, Plaintiff**

v.

**GEORGIA–PACIFIC CORP., The Home Depot USA, Inc., Buffalo Construction, Inc., Design Plus, Inc. and Texas Roadhouse Holdings, LLC, Defendants.**

**Civil No. 3:07CV00415 (CFD).**

United States District Court,
D. Connecticut.

Nov. 19, 2008.

George Kelly, Springfield, MA, Michael J. Caron, Richard S. Conti, Diana, Conti & Tunila, Manchester, CT, for Plaintiff.

Daniel J. Foster, Day Pitney LLP, Kevin M. Roche, Laura Pascale Zaino, Michael C. Collins, Halloran & Sage, Jill Hartley, Law Offices of Jill Hartley LLC, Hartford, CT, Mark A. Milano, Milano & Wanat LLC, Branford, CT, for Defendants.

### *Ruling on Motions to Compel*

THOMAS P. SMITH, United States Magistrate Judge.

This action arises out of injuries sustained by the plaintiff when he fell through a roof of a Texas Roadhouse restaurant while it was under construction. Pending before the court are several motions to compel discovery responses. (Dkts. ## 167, 168, 169).

**3.** *See* n. 1, *supra,* and accompanying text.

I. Defendant Georgia–Pacific Wood Products, LLC's ("Georgia Pacific") motion to compel responses from Third–Party Defendant Richard Baker ("Baker") (Dkt.# 167)

Georgia–Pacific served its Interrogatories and Requests for Production on April 21, 2008. Baker has not filed an opposition to the motion to compel. Further, from the papers, it appears that Baker has not responded or objected to the discovery requests. Therefore, Georgia–Pacific's motion to compel (dkt.# 167) is **GRANTED absent objection.** Any objections have been waived. Baker is ordered to provide the requested discovery within 10 days hereof.

II. Defendant Georgia–Pacific's motion to compel Defendant Texas Roadhouse Holdings, LLC ("Texas Roadhouse") (Dkt.# 168)

Texas Roadhouse has filed cross-claims for indemnity and contribution against Georgia–Pacific, the manufacturer of the plywood used in the roof.

The remaining discovery dispute concerns Interrogatory 6 and Request for Production 5. Georgia–Pacific moves to compel Texas Roadhouse to disclose whether any changes were made to the design of Texas Roadhouse roofs following the plaintiff's accident, the reasons for the changes and the persons involved in making the changes and to provide any and all documents relating to any such changes. In particular, Georgia–Pacific seeks the identity of the architectural firm that Texas Roadhouse hired subsequent to the plaintiff's accident and information as to any design changes that it made.

Georgia–Pacific's motion to compel (dkt.# 168) is **GRANTED** as to Interrogatory 6 and Request for Production 5. Evidence of subsequent design changes may be relevant to Georgia–Pacific's defense that the plywood was adequate and that it was not used in a manner consistent with its intended purpose during the roof construction. This evidence may also be relevant to the defense of Texas Roadhouse's cross-claims. As the defendant argues, subsequent design changes made or required by Texas Roadhouse may indicate that it had the ability to exercise control over the design of its roofs and the manner in which the plywood was used during construction. To the extent that the requested discovery concerns confidential and proprietary information, the parties have entered into a protective order. Any documents can be designated as confidential and subjected to the terms of the protective order and a request can be made to the court to file documents under seal. (See dkts. ## 162, 163).

III. Defendant Home Depot U.S.A., Inc.'s ("Home Depot") motion to compel (Dkt.# 169)

An opposition has not been filed to this motion. It is therefore **GRANTED absent objection.** Texas Roadhouse is ordered to provide responses to Interrogatories 2, 3, and 5 and Request for Production 4 within 10 days hereof.

As set forth above, Georgia–Pacific's motion to compel Baker (dkt.# 167) is **GRANTED absent objection.** Georgia–Pacific's motion to compel Texas Roadhouse (dkt.# 168) is **GRANTED.** Home Depot's motion to compel (dkt.# 169) is **GRANTED absent objection.**

This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. 636(b)(1)(A); Fed.R.Civ.P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. *See* 28 U.S.C. § 636(b) (written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**